ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JUAN RAFAEL MARTINO DÍAZ<br><br>Apelante<br><br>v.<br><br>MEDIREC INC; MEDIREC LLC; JULIO CESAR CAJIGAS JIMÉNEZ Y OTROS<br><br>Apelados | KLAN202400755 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV01398<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 15 de octubre de 2024.

Comparece el señor Juan Rafael Martinó Díaz, en adelante el señor Martinó o el apelante, quien solicita que revoquemos dos *Sentencias Parciales* emitidas el 29 de mayo de 2024 y el 6 de agosto del mismo año, respectivamente. Mediante la primera, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, desestimó la reclamación contra el señor Jarel Josué Cajigas Román, en adelante el señor Jarel Cajigas, en su capacidad personal y como miembro de la sociedad legal de gananciales existente entre aquel y la señora Yarinés Vázquez Acevedo, en adelante, la señora Vázquez. En virtud de la segunda sentencia, el TPI desestimó la reclamación contra el señor Joel Josué Cajigas Román, en adelante el señor Joel Cajigas, la señora Jessica Marie Colón Franco, en adelante la señora Colón, y la sociedad legal de bienes gananciales compuesta por ambos.

Por los fundamentos que expondremos a continuación, se desestima el recurso por incumplimiento con las Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B y de la Sección 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada.

-I-

En el contexto de una *Demanda* sobre incumplimiento de contrato, violación de deberes fiduciarios, cobro de dinero, descorrer el velo corporativo, fraude, daños y perjuicios; el señor Martinó solicitó la devolución de $200,000.00; el interés legal; descubrimiento de prueba; descorrer el velo corporativo de Medirec Inc.; costas; honorarios; y daños.[1]

En lo aquí pertinente, el señor Jarel Cajigas presentó una moción de desestimación en la que alegó que no fue parte del "Common Stock Purchase Agreement", ya que compareció en calidad de tesorero de Mederic, Inc.[2] Además, coligió que es un ejecutivo u oficial de la corporación, por lo que tiene inmunidad corporativa.

Por su parte, su esposa, la señora Vázquez, solicitó la desestimación con perjuicio de la demanda en su contra y como miembro de la sociedad legal de gananciales compuesta por aquella y el señor Jarel Cajigas.[3]

El **29 de mayo de 2024**, notificada el día siguiente, el TPI dictó *Sentencia Parcial* en la que

---

[1] Apéndice del apelante, págs. 32-39.
[2] *Id.*, págs. 90-102.
[3] *Id.*, págs. 119-121.

desestimó el pleito contra Jarel Cajigas, la señora Vázquez y la sociedad legal de gananciales compuesta por ambos.[4]

En desacuerdo, el apelante presentó una *Moción en Solicitud de Determinaciones de Hechos Iniciales y Reconsideración*,[5] que el TPI declaró no ha lugar[6].

Posteriormente, el señor Joel Cajigas y la señora Colón solicitaron la desestimación el pleito, en su carácter personal y como miembros de la sociedad legal de gananciales compuesta por ambos.[7]

El **6 de agosto de 2024**, notificada el día siguiente, el TPI desestimó el pleito contra Joel Cajigas, la señora Colón y la sociedad legal de gananciales compuesta por ambos.[8]

Así las cosas, el señor Martinó presentó una *Apelación* en la que solicita la revisión tanto de la *Sentencia Parcial* de **29 de mayo de 2024**, notificada el día siguiente, a favor de Jarel Cajigas, la señora Vázquez y la sociedad legal de gananciales compuesta por ambos; como de la *Sentencia Parcial* de **6 de agosto de 2024**, notificada el día siguiente, a favor del señor Joel Cajigas, la señora Colón y la sociedad legal de gananciales compuesta por ambos.

Alega, que en el caso de cada sentencia, el TPI incurrió en el siguiente error:

> ERRÓ EL TPI AL DESESTIMAR PARCIALMENTE EN FAVOR DE LOS APELADOS AL AMPARO DE LA REGLA [*sic*.] 10.2 (5) DE PROCEDIMIENTO CIVIL PUESTO A QUE LA DEMANDA CONTIENE ALEGACIONES CERTERAS SOBRE SUS ACTUACIONES EN CUANTO A VIOLACIÓN DE DEBERES FIDUCIARIOS Y COMO OFICIALES DE LA CO-DEMANDADA MEDIREC INC ANTE EL APELANTE.

---

[4] *Id.*, págs. 1-3.
[5] *Id.*, págs. 4-21.
[6] *Id.*, págs. 22-24.
[7] *Id.*, págs. 122-124.
[8] *Id.*, págs. 27-31.

Luego de evaluar el escrito del apelante y los documentos que obran en el expediente, estamos en posición de resolver.

-II-

A.

La Regla 17 del Reglamento del Tribunal de Apelaciones, establece:

> Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. **Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones**, expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones.[9]

En *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012), el Tribunal Supremo de Puerto Rico, en adelante TSPR, examinó con detenimiento el mecanismo de las apelaciones conjuntas regulado por la Regla 17, *supra*, de nuestro Reglamento. En lo aquí pertinente declaró:

> La Regla 17 presenta dos mecanismos disponibles en los casos civiles: la presentación de apelaciones conjuntas y la consolidación de apelaciones. **Las apelaciones conjuntas requieren el cumplimiento de tres requisitos esenciales: (1) que hallan dos o más personas que tengan derecho a apelar; (2) lo que se pretende apelar es una misma sentencia;** y (3) que la acumulación procedería de acuerdo a los derechos de las partes… **El segundo requisito requiere que el derecho a la apelación surja de una misma sentencia. No permite a las partes acumular en un recurso, las apelaciones de más de un dictamen**… Una vez se cumple con lo establecido en la Regla 17, entonces, las personas interesadas podrán someter **un solo escrito de apelación y comparecer como la parte apelante.** Lo fundamental en el proceso de apelaciones conjuntas reside en que no está supeditado a la autorización del tribunal. Por ende, al ser una acción sujeta a la sola voluntad de

---

[9] 4 LPRA Ap. XXII-B, R. 17. (Énfasis suplido).

las partes, **se limita a la observancia estricta de los tres criterios mencionados.** Ello, promueve el acceso al foro apelativo y hace menos oneroso el proceso. Además, **con el cumplimiento de los tres criterios el tribunal tiene la garantía de que con la apelación conjunta se atiendan controversias sobre una misma sentencia** y derechos e intereses acumulables.[10]

La opinión precitada también analiza el mecanismo de consolidación. Así pues, para que se configure dicho mecanismo procesal, la Regla 17 de nuestro reglamento requiere "…(1) que se hayan presentado dos o más apelaciones sobre una sentencia…(2) que el Tribunal de Apelaciones emita una orden al respecto."[11]

Conviene añadir, que a diferencia de las apelaciones conjuntas, solo el tribunal determinará si la consolidación procede.[12] Específicamente, el Tribunal de Apelaciones podrá autorizar la consolidación a través de una orden al respecto, por iniciativa propia, cuando alguna de las partes la solicita o si las partes la estipulan.[13]

Aunque en el contexto de un procedimiento administrativo, pero extensivo por analogía a las apelaciones civiles, el TSPR reflexionó sobre las dificultades que presenta la revisión de varias decisiones en un solo recurso:

> **Permitir la presentación de recursos sobre decisiones diferentes se prestaría a que las partes comenzaran a presentar apelaciones y recursos conjuntos sobre resoluciones o sentencias diferentes a base de su propio criterio. Ello, tendría el efecto de que se presenten recursos conjuntos sobre resoluciones o sentencias con controversias de hecho o derecho diferentes sin el juicio del foro apelativo.**[14]

---

[10] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 171. (Énfasis suplido).
[11] *Id.*, págs. 171-172.
[12] *Id.*, pág. 172.
[13] *Id.*
[14] *Id.*, pág. 179. (Énfasis suplido).

Esto a su vez, podría acarrear las siguientes dificultades: **"¿qué acción tendría que tomar el Tribunal de Apelaciones? ¿Tendría que devolverlos y pedir a las partes la presentación de cada uno por separado? Evidentemente esto provocaría serios efectos administrativos y jurisdiccionales"**.[15]

### B.

Por otro lado, la Regla 80.1 del Reglamento del Tribunal de Apelaciones, *supra*, establece que "[l]os recursos sobre una sentencia, orden o resolución podrán ser consolidados por Orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte".[16]

Ahora bien, aunque "permite la consolidación de recursos sobre una sentencia, orden o resolución", mantiene lo establecido en la Regla 17, *supra*, en la medida en que supedita la consolidación a la autorización del Tribunal de Apelaciones, mediante la expedición de una orden.[17]

### C.

Conviene destacar que, la Sección 5 de la Ley Núm. 17 de 11 de marzo de 1915, también conocida como *Ley de Aranceles de Puerto Rico*, dispone que:

> Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue.[18]

De conformidad con la normativa vigente, el TSPR estableció que es nulo e ineficaz todo escrito

---

[15] *Id.* (Énfasis suplido).
[16] 4 LPRA Ap. XXII-B, R. 80.1.
[17] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 173.
[18] Sec. 5 de la Ley Núm. 17 de 11 de marzo de 1915 (32 LPRA sec. 1481).

judicial, incluyendo los recursos apelativos, presentado sin los sellos de rentas internas que la ley ordena cancelar.[19]

Existen, en cambio, algunas excepciones a la regla de nulidad que impiden la desestimación de la causa de acción. Por ejemplo, las personas indigentes quedan exentas del pago de aranceles.[20] Tampoco procede la desestimación, si la deficiencia arancelaria ocurre por la inadvertencia de un funcionario judicial.[21] **"En cambio, cuando el error en el pago de aranceles se debe a la parte o su abogado no se reconoce excepción sino que estamos ante la situación que la ley regula: un documento que carece de los aranceles correspondientes".[22] En este último escenario, "[p]or disposición de ley, el documento es nulo y por consiguiente, carece de validez".[23]**

## -III-

En la medida en que el apelante solicita la revocación de **dos sentencias** parciales, concluimos que tenía la obligación de presentar recursos apelativos separados, cancelando a su vez los aranceles correspondientes a cada uno de ellos. Bajo este supuesto, este Tribunal, a solicitud de parte o *motu proprio,* ordenaría la consolidación de aquellos de así proceder.

Sostenemos que la acumulación de más de una sentencia, distintas e independientes entre sí, en un

---

[19] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 176; *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 188 (2007).
[20] 32 LPRA sec. 1482.
[21] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 177; *Salas v. Baquero*, 47 DPR 108 (1934).
[22] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 177. (Énfasis suplido).
[23] *Id.* (Énfasis suplido).

solo recurso de **apelación** no está permitida en nuestro ordenamiento jurídico. En consecuencia, no procede en materia de derecho apelativo la presentación de un recurso de **apelación**, para revisar sentencias diferentes; mucho menos, pagar un sólo arancel. Cada determinación tiene que revisarse mediante la presentación de un recurso apelativo por separado y con la cancelación de los aranceles correspondientes.

En resumen, la presente causa, tal y como está sometida, no es susceptible de adjudicación. En la medida en que se recurre de **dos sentencias** parciales distintas e independientes entre sí, estamos impedidos de seleccionar cuál sería objeto de revisión apelativa y cuál no. Como si lo anterior fuera poco, únicamente se cancelaron los aranceles correspondientes a un solo recurso de **apelación**, incumpliendo así con lo acentuado en nuestro ordenamiento jurídico. De modo, que bajo estos hechos debemos preguntar: ¿a cuál de las apelaciones debemos aplicar los aranceles cancelados?, ¿debe contestar esta pregunta este Tribunal?

En fin, no estamos en posición para atender y considerar las controversias sometidas. Así pues, solo procede la desestimación del recurso de apelación.

-IV-

Por los fundamentos previamente expuestos, se desestima el recurso por incumplimiento con las Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B y de la Sección 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones